# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nationwide Mutual Fire Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Superior Solution, LLC a/k/a Superior Solutions, LLC, Peniel Construction Group, LLC a/k/a Penuel Construction, LLC, Portrait Homes-South Carolina, LLC, Portrait Homes-Beresford Commons, LLC, Pasquinelli Homebuilding, LLC, Beresford Commons Homeowners Association, Inc., and Joseph Constantini and Susan M. Constantini, on behalf of themselves and others similarly situated, )<br>)<br>Defendants. ) | C.A. No.: 2:16-cv-423-PMD<br><br>**ORDER** |

This matter is before the Court on Defendants Beresford Commons Homeowners Association, Inc., Joseph Constantini, and Susan Constantini's[1] motion to alter or amend the Court's Order dated September 7, 2016.  (ECF Nos. 33 & 30).  For the reasons stated herein, the HOA's motion is denied.

## BACKGROUND/PROCEDURAL HISTORY

This declaratory judgment action arises out of a construction defect lawsuit brought by the HOA in state court against Portrait Homes and its subcontractors, including Superior Solution, LLC.  Nationwide seeks a declaratory judgment that it has no duty to defend or

---

1. The Court will refer to these three parties collectively as the "HOA."

indemnify Superior or Peniel Construction Group, LLC, in that underlying litigation.[2] Superior and Peniel have not appeared in this case, so the clerk entered default against Superior on July 11, 2016, and against Peniel on August 10, 2016. Nationwide filed motions for default judgment against both Superior and Peniel on August 10. The HOA filed a motion to set aside the entries of default on August 10, and it supplemented that motion with a memorandum the following day. The Court issued an Order granting Nationwide's motions and denying the HOA's motion on September 7. The HOA filed the instant motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on September 16, and Nationwide responded on September 30. Accordingly, these matters are now ripe for consideration.

## **LEGAL STANDARD**

The HOA bases its Motion on Rule 59(e) of the Federal Rules of Civil Procedure. However, because the prior Order was an interlocutory order,[3] the HOA's motion is more appropriately considered in the context of "the [C]ourt's inherent power to reconsider and revise any interlocutory order, as recognized by Rule 54(b)." *Jensen v. Conrad*, 570 F. Supp. 91, 103 (D.S.C. 1983); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ."). Accordingly, the Court construes the Motion as one brought under Rule 54(b).

---

2. Superior was the original named insured on Nationwide's 2005–2006 and 2006–2007 policies. During the 2006–2007 policy period, the named insured was changed to Peniel. Peniel is not a defendant in the underlying litigation.

3. Rule 59(e) governs motions to alter or amend a "judgment." Fed. R. Civ. P. 59(e). The Federal Rules of Civil Procedure define "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Thus, this definition includes both final judgments and appealable interlocutory orders. *See id.* Here, final judgment has not been entered as to all claims or parties, and the Court has not directed the entry of final judgment as to fewer than all claims or parties pursuant to Rule 54(b). Additionally, the Court's prior Order was not certified as an immediately appealable interlocutory order under 28 U.S.C. § 1292(b). *See Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, No. 0:11-CV-02438, 2012 WL 6210334, at *1 (D.S.C. Dec. 13, 2012). Thus, the Court's prior Order is not a "judgment," which means Rule 59(e) does not apply.

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); *see also See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (indicating that decision whether to modify an interlocutory order is within district court's discretion). Although the precise standard governing motions to reconsider an interlocutory order is unclear, the Fourth Circuit has stated that Rule 54(b) motions are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Nevertheless, district courts in the Fourth Circuit generally look to Rule 59(e)'s standards for guidance. *See, e.g.*, *Joe Hand Promotions, Inc.*, 2012 WL 6210334, at *2; *Ruffin v. Entm't of E. Panhandle*, No. 3:11-CV-19, 2012 WL 1435674, at *3 (N.D. W. Va. Apr. 25, 2012); *R.E. Goodson Constr. Co. v. Int'l Paper Co.*, No. 4:02-cv-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, a motion to reconsider an interlocutory order may be granted for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . . ; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) (stating these standards "are not applied with the same force when analyzing an interlocutory order" (citation omitted)). A motion for reconsideration is not, however, an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome. *Joe Hand Promotions*, 2012 WL 6210334, at *2 (citing *R.E. Goodson Constr. Co.*, 2006 WL 1677136, at *1). Further, such a motion may not be used to raise arguments that could have been addressed

or presented previously. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *City of Charleston v. Hotels.com, LP*, 586 F. Supp. 2d 538, 541 (D.S.C. 2008) (citing *Pac. Ins. Co.*, 148 F.3d at 403).

## **DISCUSSION**

In its prior Order, the Court held that the HOA's failure to demonstrate a meritorious defense was sufficient reason to deny the HOA's motion to set aside the entries of default. For that same reason, the Court granted Nationwide's motions for default judgments against Superior and Peniel. The HOA advances three arguments in support of its motion to alter or amend. First, the HOA asserts that the Court should have concluded that the HOA's assertion of first-party claims against Nationwide constituted a meritorious defense. Second, the HOA argues that it did not have sufficient time to respond to Nationwide's motions for default judgments. Finally, the HOA states that the sixth amended complaint from the underlying litigation was attached as an exhibit to Nationwide's complaint in this action. The HOA contends that the underlying complaint demonstrates that Superior was covered for the damage its work allegedly caused. As a result, the HOA states, the facts of the underlying case remain in dispute and should be presented to the Court before it makes a coverage determination—necessitating that the Court grant its motion to alter or amend.

The Court first addresses the issue of inadequate time. Although the HOA rightly points out that timeliness is a factor the Court must consider in determining whether to lift the entry of default, nothing prevented the HOA from seeking additional time to respond to Nationwide's motions for default judgments. The HOA states that the Court ruled on Nationwide's motion for entry of default almost simultaneously, thereby justifying its belief that it needed to file a rapid response. However, entry of default, governed by Rule 55(a) of the Federal Rules of Civil

Procedure, is a ministerial function the clerk performs when Rule 55(a)'s criteria are met. Because those criteria were met in this case, the clerk entered the defaults. In contrast, pursuant to Rule 55(b)(2), a default judgment concerning insurance coverage must be entered by the Court. *See* Fed. R. Civ. P. 55(b)(2). Accordingly, the HOA could have sought an extension from the Court that, if granted, would have assuaged its fear that a default judgment would be entered before it responded to Nationwide's motion. Thus, the extreme urgency apparently felt by the HOA was entirely of its own creation.

The Court addresses the HOA's remaining arguments together. At this juncture, the Court notes that a Rule 59(e) motion is not the time to advance arguments that could have been made before the judgment was entered. *See Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Additionally, "[a] meritorious defense requires 'a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim.'" *Vick v. Wong*, 263 F.R.D. 325, 329 (E.D. Va. 2009) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811–12 (4th Cir. 1988)).

The HOA emphasizes that it received first-party claims as a result of a settlement, and that those claims alone demonstrate that the HOA has a meritorious defense that warrants reconsideration. However, the HOA does not specify what claims it has received, nor does it explain who assigned away those claims. Additionally, the HOA notes that Nationwide attached the underlying complaint to its complaint in this action, and it argues that the underlying complaint constitutes sufficient evidence of a meritorious defense. The Court disagrees on both counts.

First, the HOA's brief mention of its first-party claim in the procedural history portion of its motion to set aside entry of default is an insufficient proffer of evidence demonstrating a

meritorious defense. The HOA points to the Court's failure to consider those first-party claims as a reason to alter or amend the prior Order. However, the HOA simply mentions the first-party claim in the instant motion, and provides no further explanation.

Next, Nationwide's attachment of the underlying complaint to its complaint in this action also does not satisfy the proffer requirement. In order to establish that there is a meritorious defense on the issue of coverage, the underlying facts must be examined in conjunction with the provisions of the policy. *See Penn. Nat'l Mut. Cas. Ins. Co. v. Lewis*, 105 F. Supp. 3d 573, 583 (D.S.C. 2015). Here, the HOA failed to do any such analysis in its motion to set aside the entry of default. As discussed above, the HOA could have requested additional time to prepare its motion. It chose not to. While the HOA's motion to alter or amend does examine some of the underlying facts, it fails to apply them to the policy provisions in any way. Most critically, matters that could have been raised before judgment are inappropriate considerations for a motion to alter or amend. *Hill*, 277 F.3d at 708. The HOA's arguments simply do not justify altering or amending the Court's prior Order.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the HOA's motion to alter or amend the Court's September 7, 2016 Order is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**November 10, 2016**
**Charleston, South Carolina**