**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nationwide Mutual Fire Insurance Company, | )<br>)<br>)    C.A. No.: 2:16-cv-423-PMD |
| Plaintiff, | )<br>) |
| v. | )    **ORDER**<br>) |
| Superior Solution, LLC a/k/a Superior Solutions, LLC, Peniel Construction Group, LLC a/k/a Penuel Construction, LLC, Portrait Homes-South Carolina, LLC, Portrait Homes-Beresford Commons, LLC, Pasquinelli Homebuilding, LLC, Beresford Commons Homeowners Association, Inc., and Joseph Constantini and Susan M. Constantini, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on the HOA's[1] motion to compel (ECF No. 47). For the reasons stated herein, that motion is denied.

**BACKGROUND/PROCEDURAL HISTORY**

This declaratory judgment action arises out of construction defect litigation the HOA brought in state court against Portrait Homes and its subcontractors, including Superior. Nationwide seeks a declaratory judgment that the policies it issued to Superior and Peniel provide no defense or indemnity coverage in that underlying litigation.

The HOA filed its motion to compel on March 1, 2017. Nationwide filed a response in opposition on March 15, and the HOA filed a reply on March 31. Accordingly, this matter is now ripe for consideration.

---

1. As in the Court's prior Order, *see* ECF No. 30, the Court refers to the Beresford Commons Homeowners Association, Inc., Joseph Constantini, and Susan Constantini as the HOA.

## LEGAL STANDARD

Local Civil Rule 37.01(A) (D.S.C.) provides that "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed . . . ." "If counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order." *Id.* This extension must be confirmed in writing, and if a later motion to compel is filed, the correspondence confirming that extension must be attached. *Id.*

## DISCUSSION

The HOA seeks an order compelling production of a number of documents referenced in Nationwide's responses to the HOA's first set of interrogatories and requests for production. The HOA served that discovery on June 15 or 16, 2016. Nationwide responded to those discovery requests on July 18, 2016. Then, on August 4, 2016, the HOA sent Nationwide a deficiency letter outlining the HOA's objections to Nationwide's responses. Among other things, the HOA complained that Nationwide had not produced certain underwriting files. Nationwide's counsel responded to that letter on August 22, stating that he had requested a copy of the underwriting files and that they would be produced upon receipt. According to Nationwide, it received no further objections or responses from the HOA until February 15, 2017, when counsel for the HOA sent an e-mail stating that they intended to take a Rule 30(b)(6) deposition of a Nationwide representative. Nationwide's counsel objected to that deposition on the grounds that the proposed topics were irrelevant to the issues in this case. A week later,

counsel for the HOA sent another e-mail stating that they planned to address some further discovery issues.[2] Then, on March 1, the HOA filed the instant motion to compel.

Although the Court is mindful that the HOA appealed the Court's September 9, 2016 Order, that still does not excuse the tardiness of the instant motion to compel. The HOA claims that its motion is timely because the discovery deadline has not yet lapsed, and because the parties were actively engaged in attempting to resolve the dispute about Nationwide's responses until February 22, 2017. While Local Rule 37.01(A) permits an extension of time to file a motion to compel while the parties attempt to resolve the discovery issue, the rule explicitly provides that the extension must not place the due date for the discovery response beyond 30 days before the end of discovery, and that the extension must be confirmed in writing. The rule also states that the correspondence confirming the extension must be attached to any later motion to compel.

Although the HOA is correct that the discovery deadline has not yet lapsed, it is the confirmation in writing requirement that defeats the instant motion. The parties appear to have been actively attempting to resolve this dispute until Nationwide's counsel's August 22 e-mail stating that he had requested a copy of the underwriting file. If the HOA knew at that time that the underwriting file would be insufficient to satisfy the alleged deficiencies in Nationwide's responses, then it should have filed a motion to compel within twenty-one days of the August 22 e-mail or sought an extension at that time. However, if it was not until after the HOA received the claim file that it realized Nationwide's responses were still deficient, then a motion to compel should have been filed within twenty-one days of receipt and review of that claim file. Although it is not clear when the HOA actually received the claim file, the only writing that could even plausibly meet Rule 37.01(A)'s writing requirement was the HOA's counsel's August 4

---
2. The February 22 e-mail did not mention what those discovery issues were.

deficiency letter. That letter specified that Nationwide had ten days to resolve the alleged deficiencies before the HOA filed a motion to compel. Nationwide's August 22 e-mail about the claim file does not say anything about an extension of time, nor do the HOA's February 15 or February 22 e-mails. Moreover, the Court rejects the idea that a simple exchange of generic and non-specific discovery e-mails six months after the discovery dispute began could constitute counsel being actively engaged in attempts to resolve that dispute. The HOA's twenty-one day deadline for filing the instant motion to compel has long since passed. Because the HOA has not shown any legitimate extension confirmed in writing, and because the HOA has not offered an acceptable explanation for this motion's tardiness, *see CresCom Bank v. Terry*, No. 2:12-cv-63-PMD, 2013 WL 3946222, at *1–2 (D.S.C. July 31, 2013), the motion to compel is denied pursuant to Local Civil Rule 37.01(A).

Nationwide has requested attorney's fees pursuant to Rule 37(b)(5)(B) of the Federal Rules of Civil Procedure. In accordance with the rule's mandate that the moving party be given an opportunity to be heard, the Court hereby provides the HOA and its counsel seven days from the date of this Order to submit any further briefing on that matter.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that the HOA's motion to compel is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 2, 2017**
**Charleston, South Carolina**